UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON A. EWING,<br><br>                      Plaintiff,<br><br>v.<br><br>ISAAM ISAAC, an individual,<br><br>                      Defendant. | Case No.: 22-CV-1009 JLS (MDD)<br><br>**ORDER: (1) GRANTING DEFENDANT'S MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT; (2) DENYING AS MOOT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT; AND (3) VACATING CLERK'S ENTRY OF DEFAULT**<br><br>(ECF Nos. 7, 8 & 10) |

       Presently before the Court are pro se Plaintiff Anton A. Ewing's Motion for Default Judgment Against Defendant ("DJ Mot.," ECF No. 8) and Defendant Isaam Isaac's Motion to Set Aside Clerk's Entry of Default ("Mot. to Set Aside," ECF No. 10). Also before the Court are Defendant's Opposition to ("DJ Opp'n," ECF No. 9) and Plaintiff's Reply in support of ("DJ Reply," ECF No. 14) the DJ Motion and Plaintiff's Opposition to ("Set Aside Opp'n," ECF No. 15) and Defendant's Reply in support of ("Set Aside Reply," ECF No. 16) the Motion to Set Aside. The Court vacated the hearing on these matters and took them under submission on the papers without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 13. Having carefully considered the Parties' arguments and

evidence, Plaintiff's Complaint ("Compl.," ECF No. 1), and the law, the Court **GRANTS** Defendant's Motion to Set Aside, **DENIES AS MOOT** Plaintiff's DJ Motion, and **VACATES** the Clerk's Entry of Default, for the reasons set forth below.

## BACKGROUND

Plaintiff, a resident of San Diego, California, is the owner and sole user of a cellular telephone number that is registered on the National Do Not Call Registry. Compl. ¶¶ 1–2, 13. Defendant is a timeshare and travel club broker doing business as, *inter alia*, "Fun In The Sun Tours" and "Aloha Hawaii Tours and Travel," with associated addresses in Honolulu, Hawaii; Kailua, Hawaii; and Carlsbad, California. *Id.* ¶¶ 4–5, 35–37. Plaintiff alleges that Defendant, and/or persons or entities acting on his behalf, robocalled Plaintiff and/or sent Plaintiff telemarketing text messages fourteen times from June 12 through July 2, 2022, for the purposes of soliciting Defendant's business, all without Plaintiff's consent. *Id.* ¶¶ 39, 41, 52. Accordingly, Plaintiff filed this action on July 12, 2022, bringing claims for (1) violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227(b)(1)(A) and (c)(5); (2) violations of the Consumer Information Privacy Act ("CIPA"), Cal. Penal Code §§ 632.7 and 637.2; and (3) violations of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1770(a)(22)(A). *See generally id.*

On July 27, 2022, Plaintiff filed a Declaration of Mailing indicating that Defendant was served by substituted service. *See generally* ECF No. 5 ("POS"). Specifically, on July 22, 2022, a process server named Gregory Au indicated that he "left the summons at the individual's residence or usual place of abode with Pearl M., a person of suitable age and discretion who resides there" and "who indicated they were the secretary, co-resident" of Defendant; and on July 25, 2022, an individual named Jesus Alvarez indicated that he mailed the Complaint, Civil Case Cover Sheet, and Summons to Defendant at 1130 Kapahulu Avenue, Honolulu, Hawaii 96816 (the "Address"). *See generally id.*

Plaintiff indicates that he and counsel for Defendant exchanged several e-mails from August 12 through 17, 2022, about possible settlement of this matter. DJ Reply ¶ 6. On August 15, 2022, Plaintiff filed his Application for Entry of Default Against Non-

1  Responding Defendant Isaam Isaac. *See* ECF No. 6 ("Req. for Default"). In his Request
2  for Default, Plaintiff indicated that "Defendant ISAAM ISAAC, was served by a registered
3  process server on July 22, 2022, and by first-class mail, postage prepaid." *Id.* at 4. On
4  August 16, 2022, the Clerk of the Court entered the Clerk's Entry of Default in this matter.
5  *See* ECF No. 7 ("Default"). That same day, Plaintiff filed his DJ Motion. *See* DJ Mot.
6  Plaintiff notes that on August 19, 2022, "after [Defendant's counsel] was made aware of
7  the default and the motion for default judgment," Defendant's counsel first contested the
8  adequacy of service of process on Defendant. DJ Reply ¶ 6.
9      On September 8, 2022, Defendant opposed Plaintiff's DJ Motion and additionally
10 filed the instant Motion to Set Aside. *See* DJ Opp'n; Mot. to Set Aside. As relevant to the
11 pending Motions, Defendant submitted a declaration indicating that

> [he] was informed that, on July 25, 2022, an individual (male) dressed in civilian clothes walked into the offices of one of the business entities with which [Defendant] is affiliated, located in Honolulu, Hawaii, . . . holding a Federal Express envelope . . . , pretended to be a FedEx employee, and asked for [Defendant] by name.

17 Declaration of Isaam Isaac ("Isaac Decl.," ECF No. 9-1) ¶ 7. Further, Defendant declares:

> The Office Manager, who is not authorized to accept service of process on [Defendant's] behalf . . . , informed this person that [Defendant] was not present at that office and advised him to leave [the] package by the door (which he did), but she was not informed of what was inside the package.

22 *Id.* "Roughly 2 or 3 days later, a package containing a Complaint and Summons arrived at
23 that same office. This package, sent by U.S. mail, did not contain any return envelope and
24 did not have a 'notice and acknowledgement' form." *Id.* A process server personally
25 served Defendant at his home in Hawaii on the evening of August 23, 2022, after
26 Defendant's counsel informed Plaintiff that Defendant had not been properly served. *Id.*
27 ¶ 8.
28 / / /

Plaintiff, meanwhile, declares that Mr. Au attempted personal service on Defendant at the Address on both July 14 and 21, 2022, before instead serving Pearl M., the Office Manager. *See* Plaintiff's Declaration ("Ewing Decl.," ECF No. 14) ¶¶ 6–7. Plaintiff further declares that "Mr. Au then immediately mailed another copy to the same address, addressed to Defendant personally." *Id.* ¶ 8.

## DEFENDANT'S MOTION TO SET ASIDE DEFAULT

### I.     Legal Standard

Pursuant to Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause." Courts have broad discretion in deciding whether to vacate an entry of default. *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986); *Ricotta v. California*, 4 F. Supp. 2d 961, 988 (S.D. Cal. 1998).

It is the defendant's burden to establish that good cause to vacate the entry of default exists. *See TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *overruled in part on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141, 149 (2001). The Ninth Circuit has held that "[t]he 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 925 (9th Cir. 2004) (citing *TCI Grp.*, 244 F.3d at 696). Thus, in assessing good cause, the district court considers three factors:

> (1) whether [the defendant] engaged in culpable conduct that led to the default; (2) whether [the defendant] had a meritorious defense; or (3) whether reopening the default judgment would prejudice [the plaintiff]. As these factors are disjunctive, the district court [is] free to deny the motion "if any of the three factors [is] true."

*Id.* (quoting *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1008 (9th Cir. 2000); *see also In re Hammer*, 940 F.2d 524, 525–26 (9th Cir. 1991) (citing *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987)).

/ / /

The court "should apply the factors more liberally" when assessing a motion to set aside an entry of default rather than a motion to set aside default judgment. *Page v. Banks*, No. 07cv2254 JM(BLM), 2008 WL 2037763, at *2 (S.D. Cal. May 12, 2008) (citing *Haw. Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986)). Ultimately, there is a strong preference for deciding cases on their merits, and therefore any doubts should be resolved in favor of setting aside the default. *Direct Mail Specialists v. Eclat Computerized Techs.*, 840 F.2d 685, 690 (9th Cir. 1988).

## II. Analysis

Defendant contends that good cause exists to set aside the Clerk's Entry of Default because Plaintiff failed to properly serve Defendant before seeking default and each of the relevant "good cause" factors are satisfied. *See* ECF No. 10-1 ("Mot. Mem.") at 4. The Court addresses each of these arguments in turn.

### A. Service of Process

As an initial matter, Defendant contends that he was not properly served until after the Clerk's Entry of Default was entered on August 16, 2022. *See* DJ Opp'n at 9–13; Mot. Mem. at 4. Plaintiff, meanwhile, contends that proper service was made "on the Office Manager at Defendant's normal and usual place of employment" and default was entered "after the 21st day after service." Set Aside Opp'n at 3 n.2.

#### 1. Legal Standard

The Federal Rules of Civil Procedure provide that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A party is only obligated to appear or defend, however, if it has been properly served. *See, e.g.*, *Cowen v. Aurora Loan Servs.*, No. CIV 10-452-TUC-CKJ, 2010 WL 3342196, at *1 (D. Ariz. Aug. 25, 2010) ("[D]efault cannot be entered unless documentation establishes that a defendant has been served with a summons and complaint (or has agreed to waive service), the time allowed for responding has expired, and defendant has failed to file a pleading or motion permitted by law.") (citing *First Am. Bank,*

*N.A. v. United Equity Corp.*, 89 F.R.D. 81, 86 (D.D.C. 1981)); *United States v. Panter*, No. 1:11-CV-03052-CL, 2012 WL 1245669, at *5 (D. Or. Mar. 14, 2012), *report and recommendation adopted*, No. 1:11-CV-3052-CL, 2012 WL 1243276 (D. Or. Apr. 12, 2012). Accordingly, numerous courts have found improper service alone to be "good cause" to set aside a default. *See, e.g.*, *Hampton v. Wash. Mut. Bank, Inc.*, No. CV188484DMGMRWX, 2019 WL 13043591, at *1 (C.D. Cal. Mar. 28, 2019) (finding defaults entered against improperly served defendants must be set aside because "'[d]efault cannot be entered where there was insufficient service of process'") (quoting *Scott v. District of Columbia*, 598 F. Supp. 2d 30, 36 (D.D.C. 2009); *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1992) (holding default judgment void where defendant was not properly served) (citations omitted); *Espinoza v. Humphries*, 44 F.4th 275, 276 (5th Cir. 2022) (holding that, "[b]ecause [the defendant] was never properly served, he showed good cause to set aside his default," and that the district court erred in refusing to vacate the entry of default).

"Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (citations omitted). "The return [of a registered process server] . . . establishes a rebuttable presumption that the service was proper *so long as the proof of service complies with the statutory requirements*." *Schumacher v. Airbnb, Inc.*, No. C 15-5734 CW, 2016 WL 7826667, at *6 (N.D. Cal. Nov. 9, 2016) (citing *Floveyor Int'l, Ltd. v. Superior Ct.*, 59 Cal. App. 4th 789, 795 (1997)) (emphasis added).

Pursuant to the Federal Rules of Civil Procedure,

> an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

///

          (2) doing any of the following:

                (A) delivering a copy of the summons and of the complaint to the individual personally;

                (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

                (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). With regards to subdivision (e)(2)(B), "[l]eaving a copy of the summons and complaint at a place of business does not satisfy the 'abode' method of service." *Gerritsen v. Escobar Y Cordova*, 721 F. Supp. 253, 256 (C.D. Cal. 1988) (citations omitted). As to subdivision (e)(2)(C), it "is strictly construed." *Id.* (citations omitted).

      Under the laws of the State of California, where this district court is located, an individual outside the state may be served "in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt," in which case service "is deemed complete on the 10th day after such mailing." Cal. Civ. Proc. Code § 415.40. The Judicial Council comment to this section notes that "[b]oth registered and certified airmail, return receipt requested, meet this requirement." *Id.* at Comment--Judicial Council (citing *id.* § 412.20(a)(3)).

      The California Code of Civil Procedure provides several additional methods by which service of an individual may be accomplished without a court's intervention. First, an individual may be served by personal delivery of the summons and complaint, in which case service is complete at the time of the delivery. Cal. Civ. Proc. Code § 415.10.

/ / /

/ / /

Second, if personal delivery cannot be made "with reasonable diligence," service may be accomplished

> by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address . . . , in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address . . . , at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left,

in which case service "is deemed complete on the 10th day after the mailing." *Id.* § 415.20(b). "[T]he burden is upon the plaintiff to show reasonable diligence to effect personal service and each case must be judged upon its own facts." *Evartt v. Superior Ct.*, 89 Cal. App. 3d 795, 801 (1979). "Two or three attempts to personally serve a defendant at a proper place ordinarily qualifies as reasonable diligence." *Rodriguez v. Cho*, 236 Cal. App. 4th 742, 750 (2015) (citing *Am. Express Centurion Bank v. Zara*, 199 Cal. App. 4th 383, 389–90 (2011)) (internal quotation marks omitted).

Third, service may be effected by mail, in which case the summons and complaint must be accompanied by two copies of a "notice and acknowledgment" in substantially the form set forth in California Code of Civil Procedure § 415.30(b) and a return envelope, postage prepaid, addressed to the sender. Cal. Civ. Proc. Code § 415.30. Service under this method is deemed complete on the date the acknowledgment is executed, if returned to the sender. *See id.* § 415.30(c). If the acknowledgment is not signed and returned, service is not complete and will have to be accomplished by some other means. The Rutter Group, Cal. Prac. Guide Civ. Pro. Before Trial Ch. 4-D ¶ 4:238 (June 2022 Update).

Proof of service on a person residing outside of California shall be made as prescribed by § 417.10 if the individual is served according to the California statutory provisions governing service of process. Cal. Civ. Proc. Code § 417.20(a). If substituted service is made on a natural person, "the additional matters that must be stated or shown

are: (1) the efforts that had been made by the affiant in an attempt to deliver the papers by hand to the defendant personally, . . . (4) that such person had been informed of the general nature of the papers, and (5) the date a copy of the papers was thereafter mailed . . . ." *Id.* § 417.10, Comment--Judicial Council.  "Several affidavits or certificates may be used to show that these requirements had been met." *Id.*

Finally, the rules for service of process in the State of Hawaii, where service was attempted and ultimately made, "contain[] similar requirements [as Federal Rule of Civil Procedure 4(e)] for service of process on an individual." *Monet v. Hawaii*, No. CV 21-00368 LEK-KJM, 2022 WL 105194, at *6 (D. Haw. Jan. 11, 2022); *see* Haw. R. Civ. P. 4(d)(1); *see also Kriege v. Morimoto*, No. CV 16-00324 DKW-KJM, 2017 WL 2841326, at *3 n.2 (D. Haw. July 3, 2017) ("Hawaii Rule of Civil Procedure 4 mandates service of an individual in precisely the same manner as Federal Rule of Civil Procedure 4(e)(2).") (citing Haw. R. Civ. P. 4(d)); *Krizek v. Queens Med. Ctr.*, No. CV 00293 JMS-RLP, 2018 WL 6588505, at *1 (D. Haw. Sept. 28, 2018) (noting that Hawaii Rule of Civil Procedure 4 "mirror[s] the federal rule for service of process").

   2.   Analysis

Here, Defendant claims that Plaintiff failed to properly serve Defendant before seeking entry of default.  Mot. Mem. at 5.  The Court agrees.

It is clear that, prior to the entry of default in this matter, Plaintiff did not serve Defendant in accordance with Federal Rule of Civil Procedure 4(e)(2).  Plaintiff was not personally served until August 23, 2022; the summons and complaint were left at Defendant's purported business address and not his "dwelling or usual place of abode"; and Defendant disclaims in his sworn declaration that Pearl M. was his agent.  Fed. R. Civ. P. 4(e)(2)(A)–(C); Isaac Decl. ¶¶ 7–8.  Accordingly, to properly effect service, Plaintiff would have to serve Defendant in accordance with state law.  Fed. R. Civ. P. 4(e)(1).  Given that Hawaii's rules for service are identical in all relevant respects to Federal Rule of Civil Procedure 4(e)(2), *see, e.g.*, *Kriege*, 2017 WL 2841326, at *3 n.2, in order for service to
/ / /

have been proper, Plaintiff would have had to comply with California's service requirements. On the record before it, the Court finds that Plaintiff did not do so.

Again, Plaintiff did not personally serve Defendant until August 23, 2022. Isaac Decl. ¶ 8. Nor does Plaintiff provide any evidence that Defendant was properly served by mail pursuant to § 415.30, as no signed acknowledgment has been proffered, or pursuant to § 415.40, as there is no indication that a return receipt was part of the mailing. *See generally* POS. Accordingly, by process of elimination, proper substituted service is necessary for proper service to have occurred here.

The Court notes that, in this regard, neither Party appears to have fully grasped the requirements for substituted service. Defendant is correct that attempted personal delivery "with reasonable diligence" is a prerequisite for substituted service on an individual, but the mailing requirements for substituted service do not include the notice and acknowledgement form required for standalone mail service pursuant to § 415.30. Nonetheless, the Court finds that the rebuttable presumption of proper service does not arise here because Plaintiff's Declaration of Mailing does not, as required by § 417.10, contain statements (1) concerning the efforts made to serve Defendant personally prior to effecting substituted service or (2) that the person served was informed of the nature of the papers. *See generally* POS. Defendant comes forward with evidence in the form of his sworn declaration that Pearl M., the Office Manager on whom service was made, was not informed of the contents of the package she received.[1] Isaac Decl. ¶ 7. Because the Declaration of Mailing does not conform to the statutory requirements for proof of service,

---

[1] Plaintiff objects to Defendant's declaration on the ground that it is inadmissible "hearsay within hearsay." Set Aside Opp'n ¶ 7. However, even at the summary-judgment stage, after discovery has been completed, "hearsay evidence produced in an affidavit may be considered . . . if the declarant could later present the evidence through direct testimony." *Fraser v. Goodale*, 342 F.3d 1032, 1037 (citing *J.F. Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F.2d 1524, 1542 (3d Cir. 1990)). Accordingly, the Court finds Defendant's declaration to be sufficient evidence, at this early, pre-answer stage of the proceedings, to support the Motion to Set Aside. At any rate, Plaintiff can hardly fault Defendant for declaring certain facts in lieu of submitting the declaration of Pearl M. when Plaintiff does the same in lieu of submitting a declaration from Mr. Au.

the rebuttal presumption of valid service never came into operation, and Plaintiff accordingly has not met his burden of showing that the challenged service was proper. Accordingly, the Court finds that Defendant was not properly served prior to the Clerk's Entry of Default, and accordingly the default is void and must be set aside. *See, e.g.*, *Chan Siu Tan John v. Guez*, No. CV 09-01650 MMM (EX), 2009 WL 10673053, at *2 (C.D. Cal. Aug. 3, 2009) (setting aside entry of default where proof of service failed to establish reasonable diligence prior to substituted service); *Gaboratory, Inc. v. Gaboratory Int'l, Inc.*, No. CV 07-04725 MMM (EX), 2008 WL 11406072, at *4 (C.D. Cal. Nov. 10, 2008) (same); *McClain v. San Bernardino*, No. EDCV181648CJCPLA, 2019 WL 12345648, at *5 (C.D. Cal. Jan. 15, 2019) (granting motion to quash service where "the declaration submitted by [the plaintiff] does not indicate *any* efforts . . . to personally serve the [defendants]") (emphasis in original).

Even overlooking these deficiencies in the service of process, however, the entry of default in this matter was premature. Had proper substituted service occurred, service was effected on August 4, 2022, ten days after the summons and complaint were mailed on July 25, 2022. Cal. Civ. Proc. Code § 415.20(b). Defendant then had twenty-one days to respond. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Accordingly, Defendant could not have been in default until August 25, 2022, at the earliest. *See, e.g.*, *Finishmaster, Inc. v. Blue Lake Motors, Inc.*, No. CV 17-4389 PA (SKX), 2018 WL 6061195, at *4 (C.D. Cal. May 11, 2018) (noting that, where defendant was served by substituted service, "Defendant's deadline to respond to the Complaint was therefore . . . 21 days after service became effective," i.e., 10 days after process was mailed). Because Defendant had not yet "failed to plead or otherwise defend" on August 16, 2022, the date the Clerk's Entry of Default was entered, the default must be set aside. *See, e.g.*, *Miller v. Sacramento City Unified Sch. Dist.*, No. 221CV0757JAMCKDPS, 2021 WL 3539733, at *1–2 (E.D. Cal. Aug. 11, 2021) (indicating default premature where deadline to respond to complaint had not yet expired), *report and recommendation adopted*, No. 221CV0757JAMCKDPS, 2021 WL 4804135 (E.D. Cal. Oct. 14, 2021).

### B.     "Good Cause" Factors

Even assuming Defendant was properly served and default was properly entered, Defendant contends that each of the relevant "good cause" factors supports setting aside the Clerk's Entry of Default.  *See* Mot. Mem. at 4–9; DJ Opp'n at 15–18.  Plaintiff does not meaningfully respond to this argument and therefore essentially concedes the issue.  *See N.Y. Marine & Gen. Ins. Co. v. Peters*, No. 3:21-CV-1692 W (WVG), 2022 WL 1104741, at *1 (S.D. Cal. Apr. 13, 2022) (noting failure to oppose argument raised in motion concedes the truth of the argument) (citations omitted).  Nonetheless, the Court finds, upon its independent analysis of the "good cause" factors, that all three support setting aside the default in this matter.

#### 1.     Culpable Conduct

First, Defendant's conduct was not culpable.  "[A] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer."  *TCI Grp.*, 244 F.3d at 697 (emphasis in original) (quoting *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988)) (citing *Meadows*, 817 F.2d at 521).  "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional' under [the Ninth Circuit's] default cases."  *Id.*

"Obviously, [Defendant] could not have engaged in culpable conduct leading to the default when his adversary sought to cut short the pleading response period he was lawfully allowed to take, and then seek default on [Defendant's] failure to timely plead or respond."  *Williamson v. Gunvalson*, No. 2-13-CV-2022-JAD-GWF, 2014 WL 590480, at *2 (D. Nev. Feb. 14, 2014); *see also Stebbins v. Polano*, No. 21-CV-04184-JSW, 2021 WL 8532699, at *2 (N.D. Cal. Oct. 28, 2021) ("If [the defendant] was not served with the [pleading], it cannot be said that it acted intentionally in its failure to respond.").  Moreover, once Defendant found out about the entry for default and the motion for default judgment, it moved promptly to set aside the default and oppose the motion for default judgment.  *See*

*Stebbins*, 2021 WL 8532699, at *2 ("[W]hen [the defendant] received [p]laintiff's motion for entry of default, it acted quickly in responding, making clear it was not willing to forfeit its rights."). Finally, that Plaintiff himself notes that Defendant's counsel was engaging in settlement negotiations with him at the time Plaintiff sought the entry of default further undercuts any suggestion that Defendant intentionally failed to respond to the Complaint. *See, e.g.*, *Whitaker v. GGET Larchmont LLC*, No. CV 19-9411-DMG (JCX), 2020 WL 1972291, at *2 (C.D. Cal. Mar. 17, 2020) (noting, where defendant's counsel was in contact with plaintiff's counsel before the entry of default, "[i]f anything, [p]laintiff's decision to seek entry of default . . . seemed to be spiteful rather than the product of a well-reasoned legal assessment."). Accordingly, the Court finds that Defendant did not act culpably; this factor therefore weighs in favor of granting the Motion to Set Aside.

        2.     *Meritorious Defense*

Second, Defendant has adequately alleged a meritorious defense. Defendant's burden to prove a meritorious defense is "not extraordinarily heavy." *RingCentral, Inc.*, 781 F. Supp. 2d at 1012 (quoting *TCI Grp.*, 244 F.3d at 700). "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010) (quoting *TCI Grp.*, 244 F.3d at 700). "'[T]he question whether the factual allegation [i]s true' is not to be determined by the court when it decides the motion to set aside the default"; "[r]ather, that question 'would be the subject of the later litigation.'" *Id.* (quoting *TCI Grp.*, 244 F.3d at 700).

Here, Defendant asserts that this Court lacks personal jurisdiction over him, that Plaintiff fails to state a claim, and that Defendant cannot be held liable for the alleged violations because he did not participate in the alleged violations. Mot. Mem. at 6–7; DJ Opp'n at 13–15, 16–17. The Court finds Defendant's allegations sufficient to satisfy the low threshold of establishing a potentially meritorious defense for purposes of the instant Motion to Set Aside. *See, e.g.*, *AMA Multimedia, LLC v. Madon*, No. 217CV03037GMNEJY, 2020 WL 5096476, at *6 (D. Nev. Aug. 28, 2020) (finding

asserted lack of personal jurisdiction adequate for meritorious defense factor); *J & J Sports Prods., Inc. v. Nguyen*, No. 5:11-CV-01166 EJD, 2011 WL 6294332, at *1 (N.D. Cal. Dec. 14, 2011) (finding challenge to allegations of complaint on its merits in motion to set aside a legally cognizable defense for failure to state a claim).  Accordingly, this factor, too, weighs in favor of setting aside the Clerk's Entry of Default.

### 3. Prejudice to Plaintiff

Finally, there is no prejudice to Plaintiff.  "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case.  Rather, 'the standard is whether [plaintiff's] ability to pursue his claim will be hindered.'"  *TCI Grp.*, 244 F.3d at 701 (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)) (citing *Thompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433–34 (6th Cir. 1996)).  There is no indication that Plaintiff would be prejudiced here.  Indeed, Defendant filed its Motion to Set Aside approximately three and a half weeks after the Clerk's Entry of Default was entered.  *See* Default (filed August 16, 2022); Mot. to Set Aside (filed September 8, 2022).  "When, as here, a defendant's response is filed within a month of the entry of default, prejudice to the plaintiff as a consequence of setting aside entry of default is unlikely."  *Veracity Wireless, Inc. v. Virtual Fleet Mgmt., LLC*, No. 17-CV-295 JLS (BLM), 2019 WL 4266550, at *7 (S.D. Cal. Feb. 26, 2019) (citing *Canfield v. VSH Rest. Corp.*, 162 F.R.D. 431, 434 (N.D.N.Y. 1995)).  Accordingly, the Court finds that this factor, too, supports granting the Motion to Set Aside.

## III. Conclusion

"'The law does not favor defaults; therefore, any doubts as to whether a party is in default should be decided in favor of the defaulting party.'"  *Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 614 (C.D. Cal. 1995) (citation omitted).  Because Defendant has adequately demonstrated good cause to set aside the entry of default and in light of the "strong preference for deciding cases on their merits," *Direct Mail Specialists*, 840 F.2d at 690, the Court **GRANTS** Defendant's Motion to Set Aside.

/ / /

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Because, for the reasons provided *supra*, the Court finds it appropriate to grant Defendant's Motion to Set Aside, the Court **DENIES AS MOOT** Plaintiff's DJ Motion. Further, to the extent Plaintiff urges the Court to sanction Defendant's counsel, in light of Plaintiff's standalone Motion for Sanctions that raises many of the same arguments, *see* ECF No. 17, the Court reserves ruling on the issue of sanctions at this time.

## CONCLUSION

In light of the foregoing, the Court (1) **GRANTS** Defendant's Motion to Set Aside Entry of Default (ECF No. 10) and (2) **DENIES AS MOOT** Plaintiff's Motion for Entry of Default Judgment (ECF No. 8). The Court therefore **VACATES** the Clerk's Entry of Default (ECF No. 7). Defendant **SHALL RESPOND** to Plaintiff's Complaint <u>on or before December 30, 2022</u>.[2]

**IT IS SO ORDERED.**

Dated: November 28, 2022

Hon. Janis L. Sammartino
United States District Judge

---

[2] Plaintiff claims that "Defendant should . . . be ordered to file an Answer and ordered not to file a Rule 12(b) motion as he has lost that bit[e] at the apple." Set Aside Opp'n at 10. The Court, however, disagrees. While it is true that an argument not raised in a motion to set aside default can be deemed waived for purposes of a subsequent Rule 12 motion, *see Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1106 (9th Cir.), *as amended on denial of reh'g* (Nov. 1, 2000), the Court finds here that Defendant has expressly raised and therefore preserved relevant defenses including, *inter alia*, improper service, lack of personal jurisdiction, and failure to state a claim. *See, e.g.*, Mot. Mem. at 7 n.6 (raising failure to adequately plead claims per Rule 12(b)(6)); DJ Opp'n at 9 n.10 (reserving right to challenge service and personal jurisdiction); *id.* at 9–13 (arguing service was improper); *id.* at 13–15 (arguing Court lacks personal jurisdiction over Defendant). Accordingly, the Court finds that Defendant may, should it desire, move to dismiss pursuant to Rule 12(b) rather than answering the Complaint.